# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 379 | **DATE** | 4/26/2012 |
| **CASE TITLE** | Inland Bank vs. Robert Newman Family LLC *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' motion to voluntarily dismiss [7] is granted and the FDIC is dismissed without prejudice. Defendants' motion to remand [9] is granted and this case is remanded back to state court.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On December 6, 2010, First Choice Bank filed a foreclosure action in state court against defendants here, who are several individuals and a family business entity (collectively, the "Newman defendants"). At issue in state court is an unpaid mortgage loan of approximately $75,000. In March 2011, the Newman defendants filed a counterclaim against First Choice Bank. In August 2011, the FDIC took over First Choice Bank and assigned the assets to Inland Bank which then substituted for First Choice Bank as plaintiff in the state court action while the FDIC substituted as the counter-defendant to the counterclaim. The FDIC filed a motion to strike discovery requests. The motion was denied. Thereafter, the FDIC elected to remove the case to federal court based on its right to remove cases in which it is a party. *See* 12 U.S.C. § 1819(b)(2)(B).

In this Court, the Newman defendants filed two motions both of which are fully briefed. One is a motion to voluntarily dismiss the FDIC pursuant to Fed. R. Civ. Pro. 41(a)(2). If the FDIC is dismissed as a party, then (as both sides agree) this Court would no longer have jurisdiction and the case should be remanded back to state court. The other motion is a motion to remand. This motion raises three arguments, with the first being the argument just described above. The second is that remand is also warranted because the FDIC allegedly waited too long to remove the case. The third is that the FDIC waived its right to remove by filing motions and participating in the state court case, the suggestion being that the FDIC was attempting to forum shop after an unfavorable ruling in state court.

We need not resolve the latter two arguments because we will grant the motion to dismiss the FDIC as a party. In their briefs, both parties state that their preferred outcome is for the FDIC to be dismissed as a party allowing this case to be remanded. This outcome makes sense because this case is a straightforward state law mortgage foreclosure action. The parties disagree, however, on whether the dismissal should be with or without prejudice. (Even then, both sides still want dismissal and a remand even if we disagree with their respective arguments on whether the dismissal should be with or without prejudice.)

The FDIC argues for dismissal with prejudice to prevent the possibility that the Newman defendants could re-name the FDIC as a party after the case is remanded. The FDIC thus speculates that the Newman

## STATEMENT

defendants are attempting to make an end run around the removal statute. The Newman defendants object strongly to this characterization and state repeatedly in their briefs that they have no intention -- barring unforeseen circumstances -- to re-name the FDIC as a defendant in state court.

After considering the arguments by both sides, we find that dismissal without prejudice makes the most sense. For one thing, the Newman defendants are on record with their briefs in this Court that they have no intention of adding the FDIC back into the state court action. Moreover, as the FDIC states, if the Newman defendants did try to re-name the FDIC, the FDIC could remove the case back to federal court. At that point, the FDIC would be in a strong position to seek fees and could point to both this ruling and the briefs filed by the Newman defendants.

One final issue to resolve. The FDIC asks that it be awarded fees and costs as a condition to the voluntary dismissal. We can find no justification for this request. As the Newman defendants point out in their reply brief, when they filed their counterclaim in state court, they had no knowledge that First Choice Bank would fail and that the FDIC would then substitute in as counter-defendant.